IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHAN ARMAND HARRIS,

           Plaintiff,

v.

CITY OF PORTLAND,

           Defendant.

Case No. 3:19-cv-02041-MO

ORDER TO DISMISS

MOSMAN, District Judge.

Plaintiff, an inmate at the Multnomah County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff alleges that he was the victim of an unlawful arrest warrant issued out of Clackamas County, and executed by

1 - ORDER TO DISMISS

the Portland Police Bureau in violation of his constitutional rights. He seeks money damages and injunctive relief.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his

2 - ORDER TO DISMISS

pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

As an initial matter, Plaintiff brings this suit against the City of Portland, the only Defendant named in the caption of his Complaint. In order to establish municipal liability, a plaintiff must ordinarily show that the deprivation of his rights occurred as a result of an official policy or custom, *see Monell v. Department of Social Servs.,* 436 U.S. 658, 690-91 (1978), or that the municipality ratified the unlawful conduct, *see Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). Plaintiff makes no such allegation here.

In addition, Plaintiff's Complaint generally pertains to civil rights allegations in the context of his arrest and criminal prosecution. Plaintiff's claim is best construed as alleging an unlawful search and seizure under the Fourth Amendment. In *Heck v. Humphrey*, 512 U.S. 477 (1984), the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

3 - ORDER TO DISMISS

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id* at 486-87.

If this Court were to rule in Plaintiff's favor that his arrest and the seizure of evidence by law enforcement was unlawful, it would invalidate the current and apparently ongoing criminal proceedings against him. For this reason, Plaintiff cannot challenge by way of this civil rights lawsuit the collection of evidence that is the basis of an ongoing prosecution. *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000), *overruled in part on other grounds by Wallace v. Kato*, 549 U.S. 384, 393-394 (2007). For all of these reasons, the Complaint is dismissed for failure to state a claim.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#1) is DISMISSED for failure to state a claim. Should Plaintiff wish to proceed with this action, he must file an amended complaint curing the deficiencies noted above within 30 days of the date of this Order. Should Plaintiff wish to

continue with this case, he must file an amended complaint within 30 days that: (1) cures the deficiencies with his prior Complaint; (2) names all defendants in its caption; (3) describes how each named defendant personally participated in the deprivation of a federal right; (4) does not incorporate any prior document by reference; and (5) is on the form provided by the Court. Plaintiff's failure to do so will result in the dismissal of this case with prejudice.

Petitioner's pending Request for Subpoena (#10) is denied. The Clerk of Court is directed to send Plaintiff a civil rights form for his use.

IT IS SO ORDERED.

DATED this __18__ day of March, 2020.

_____
Michael W. Mosman
United States District Judge